**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>C.A. No. 24-12480 (LSS) |
| LAWRENCE R. HIRSH, in his capacity as Trustee of the Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WILLKIE FARR & GALLAGHER LLP,<br><br>Defendant. | Adv. Pro. No. _______________ |

**COMPLAINT TO AVOID AND RECOVER**
**AVOIDABLE TRANSFERS AND DISALLOW CLAIMS**

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 2371 Liberty Way, Virginia Beach, Virginia 23456. In addition to the foregoing Reorganized Debtor, the "Reorganized Debtors" include certain affiliated entities, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FRG/. All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24-12480 (LSS). References herein to the "Debtors" refer to the Reorganized Debtors prior to the Effective Date of the Plan.

# TABLE OF CONTENTS

**Page**


I. NATURE OF THE ACTION ..... 1

II. JURISDICTION AND VENUE ..... 2

III. PROCEDURAL BACKGROUND ..... 2

IV. THE PARTIES ..... 4

V. FACTUAL BACKGROUND ..... 5

A. The Transfers ..... 7

VI. CLAIMS FOR RELIEF ..... 11

FIRST CLAIM FOR RELIEF (Avoidance of Preferential Transfers – 11 U.S.C. § 547(b)) ..... 11

SECOND CLAIM FOR RELIEF (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B)) ..... 14

THIRD CLAIM FOR RELIEF (Recovery of Avoided Transfers – 11 U.S.C. § 550(a)) ..... 15

FOURTH CLAIM FOR RELIEF (Disallowance of Claims – 11 U.S.C. § 502(d) and (j)) ..... 16

PRAYER FOR RELIEF ..... 17

Plaintiff, Lawrence R. Hirsh, as Trustee (the "**Trustee**" or "**Plaintiff**") of the Franchise Group Litigation Trust (the "**Litigation Trust**"), by and through his undersigned counsel, files this complaint (the "**Complaint**") against Willkie Farr & Gallagher LLP ("**Defendant**"), and in support thereof hereby alleges upon information and belief as follows:

## I. NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, (a) all transfers by the Debtors of property made for, or on account of, an antecedent debt, during the ninety (90) day period prior to the filing of the Debtors' bankruptcy petitions, pursuant to sections 547 and 550 of title 11 of the United States Code (the "**Bankruptcy Code**") and (b) subject to proof, all transfers avoidable as fraudulent conveyances under sections 548 and 550 of the Bankruptcy Code.

2. Plaintiff further seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim asserted by the Defendant against the Debtors, whether filed or scheduled. Plaintiff does not waive, and expressly reserves, all the rights of the Debtors and the Litigation Trust to object to any such claim on any grounds, including, but not limited to, those set forth in section 502 of the Bankruptcy Code.

## II. JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding arises under and in, and is related to, cases under title 11 of the United States Code (the "**Bankruptcy Code**"), captioned *In re Franchise Group, Inc.*, pending before the Court as Case No. 24-12480 (LSS).

4. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 502, 547, 548 and 550, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5. This adversary proceeding constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders related to matters contained herein.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders or judgments by the Court.

## III. PROCEDURAL BACKGROUND

8. On November 3, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing their bankruptcy cases (the "**Bankruptcy Cases**"). On November 5, 2024, the Court entered an order

[Docket No. 88] authorizing the procedural consolidation and joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

9. On June 2, 2025, the Court entered an order [D.I. 1596] (the "**Confirmation Order**") confirming the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [D.I. 1454] (as amended, modified, or supplemented from time to time the "**Plan**").[2] The Plan, among other things, provided for the establishment of the Litigation Trust and the irrevocable transfer of the OpCo Debtors' and the Freedom HoldCo Debtors' rights, title and interest in the Litigation Trust Assets for the benefit of Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement), free and clear of all Claims, Liens, encumbrances, or interests. Plan § 7.10. On June 6, 2025 (the "**Effective Date**"), the Plan became effective, the Litigation Trust was established, and Mr. Hirsh was appointed as Litigation Trustee to, among other things, administer the Litigation

[2] The Plan was confirmed as to all Debtors other than Freedom VCM Holdings, LLC ("**TopCo**"). The effective date of TopCo's confirmed chapter 11 plan was July 3, 2025 [*see* D.I. 1689] and on August 7, 2025, the TopCo chapter 11 case was closed. [D.I. 1805]

Trust Assets (including claims and causes of action under chapter 5 of the Bankruptcy Code) and reconcile certain unsecured claims.[3] [D.I. 1371-2; D.I. 1605.]

## IV. THE PARTIES

10. Pursuant to the Plan, Confirmation Order and Liquidation Trust Agreement, Plaintiff is authorized and has standing to, among other things, commence, prosecute and settle the claims asserted in this Complaint.

11. Upon information and belief, Defendant was, at all relevant times, a law firm and a vendor or creditor that alleges it provided legal services to the Debtors, including Debtor New HoldCo. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 787 Seventh Avenue, New York, NY 10019. Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability partnership organized under the laws of Delaware and headquartered in the State of New York.

12. Upon information and belief, Defendant was, at all times relevant, a creditor of one or more of the Debtors, and one or more of the Debtors made transfers to Defendant during the 90 days prior to the Petition Date (the "**Preference Period**").

[3] Prior to initiating this lawsuit, the Trustee requested from the Reorganized Debtors a list of any purported entities designated as having "ongoing business dealings with the Reorganized Debtors as of the Effective Date" under the Plan that would be a potential Retained Causes of Action. The Defendant was not identified on any such list that the Plaintiff received.

## V. FACTUAL BACKGROUND

13. Prior to the Petition Date, the Debtors were privately held operators and acquirers of franchised and franchisable businesses. The Debtors' business segments included a diverse collection of highly recognized, market-leading, and emerging retail brands, including The Vitamin Shoppe, Pet Supplies Plus ("**PSP**"), American Freight, and Buddy's Home Furnishings ("**Buddy's**"). The Debtors operated both franchise and corporate-owned programs with respect to each of their business segments. Across all brands, the Debtors had approximately 2,200 total retail store locations (including both corporate-owned and franchised locations), approximately 11,900 total employees, and operations spanning across the United States.

14. As franchised retail businesses, the Debtors regularly purchased goods from various entities including vendors, suppliers and creditors. The Debtors also regularly paid for services used to operate their businesses.

15. A description of the Debtors' prepetition operations and capital structure prior to the Petition Date, as well as the financial difficulties that led to the decision to file the petitions for bankruptcy are set forth in Sections I, II and III of the *Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* filed in the Bankruptcy Cases on November 4, 2024 [D.I. No.

15] as well as in Articles IV and V of the Disclosure Statement for the Plan [D.I. 1019-1] and such descriptions are incorporated herein by reference.

16. As described in Article III, Section D of the Disclosure Statement, General Unsecured Claims are impaired under the Plan and are expected to receive little, if any, recovery of such claims.

17. In the ordinary course of business, the Debtors utilized and maintained a cash management system that included, among other things, store deposit, operating, concentration, and disbursement accounts (collectively, the "**Cash Management System**"). The Cash Management System included a total of 110 bank accounts across 25 different banks, several of which were disbursement accounts from which the Debtors paid operating expenses, including payments to vendors, suppliers and other creditors, including Defendant (collectively, the "**Disbursement Accounts**").[4]

18. During the ninety (90) days before and including the Petition Date (*i.e.*, between August 5, 2024 and November 3, 2024 (the Preference Period)), the Debtors

[4] A further description of the Debtors' Cash Management System is set forth in the Debtors' *Motion For Interim And Final Orders (I) Authorizing The Debtors To (A) Continue To Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, And (C) Continue To Perform Intercompany Transactions; (II) Waiving Certain Operating Guidelines; (III) Suspending Time To Comply With Section 345(B) Of The Bankruptcy Code; And (IV) Granting Related Relief* [D.I. 9] filed with the Court.

continued to operate their businesses, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

**A. The Transfers**

19. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the provision of legal services by Defendant, which are evidenced by one or more engagement letters, contracts, invoices, communications, and/or other documents (collectively, the "**Agreements**"). The Agreements concerned and related to the legal services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint.

20. During the Preference Period, the Debtor identified on **Exhibit A** annexed hereto, New HoldCo, made thirty-five (35) transfers of an interest of the Debtors' property to or for the benefit of Defendant, through payments aggregating an amount not less than $7,376,636.16, as identified on **Exhibit A** attached hereto (the "**Transfer**" or "**Transfers**"). The details of each of the Transfer(s) are set forth on the Statement of Account relating to the Defendant, annexed hereto as **Exhibit A**, including the identity of the transferor Debtor, the payment date, and the payment amount, and are incorporated herein by reference.

21. The Transfers were made between August 21, 2024 and November 1, 2024, each within the Preference Period, and were made in payment of invoices issued by Defendant dated between August 13, 2024 and October 31, 2024. By payment date, the Transfers consist of: (a) nine (9) payments on August 21, 2024 totaling $1,027,816.42; (b) one (1) payment on August 29, 2024 of $250,000.00; (c) eight (8) payments on September 27, 2024 totaling $1,350,318.75; (d) two (2) payments on October 2, 2024 totaling $891,051.91; (e) one (1) payment on October 10, 2024 of $500,000.00; (f) two (2) payments on October 16, 2024 totaling $546,922.91; (g) three (3) payments on October 21, 2024 totaling $33,564.13; (h) one (1) payment on October 23, 2024 of $155,522.80; (i) one (1) payment on October 25, 2024 of $1,500,000.00; (j) six (6) payments on October 26, 2024 totaling $621,439.24; and (k) one (1) payment on November 1, 2024 of $500,000.00.

22. Plaintiff is seeking to avoid and recover all Transfers made by the applicable Debtor(s) to or for the benefit of Defendant during the Preference Period.

23. By letter dated October 22, 2026 (the "**Demand Letter**"), Plaintiff, through counsel, demanded return of the Transfer(s). The Demand Letter identified potential statutory defenses under section 547(c) of the Bankruptcy Code and invited Defendant to provide to Plaintiff any evidence to support such defenses, so Plaintiff could review the same. Defendant has failed to remit payment or provide information sufficient to establish a complete defense.

24. Prior to commencing this action, Plaintiff conducted reasonable due diligence under the circumstances, including a review of the Debtors' books and records available to the Trustee and an assessment of Defendant's known or reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code. Based on such review, Plaintiff has identified potential subsequent new value in the approximate amount of $5,328,393.00, based on invoice data reflected in the Debtors' records. This preliminary estimate is subject to adjustment, including based on evidence uniquely within Defendant's possession (such as shipment or service dates) and the application of section 547(c)(4)(B). Additionally, section 547(c)(4)(B) provides that any potential new value must not be paid for by "an otherwise unavoidable transfer." To the extent that (a) there are any prepayments in the Preference Period paying such new value that are not subject to avoidance by Plaintiff, or (b) Defendant successfully asserts affirmative defenses, including but not limited to the ordinary course of business defense or the contemporaneous exchange for new value defense, certain invoices may no longer be available for new value and the new value amount may be subject to reduction. The subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value and further submits that notwithstanding the possible application of this new value defense, such new value defense does not

otherwise apply to the Plaintiff's Second through Fourth Claims for Relief set forth below.

25. Plaintiff also reviewed the books and records in his possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is an inherently factual endeavor, and payment history is only one factor. The presence of collection pressure, tightening of credit terms, a creditor's loss of credit insurance, and/or threats to stop shipments without payment, can make even statistically ordinary payments unordinary. Certain information related to these factors may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the ordinary course of business affirmative defense and Plaintiff further submits that this ordinary course of business defenses does not otherwise apply to the Plaintiff's Second through Fourth Claims for Relief set forth below.

26. To date, Defendant has not paid or surrendered to Plaintiff the value of the Transfers or provided information that Plaintiff believes is sufficient to establish a complete defense to avoidance of the Transfers.

27. Based on the foregoing diligence and that the Defendant failed to provide any contrary information prior to the filing of this Complaint, Plaintiff believes that the Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code.

28. During the course of this adversary proceeding, Plaintiff may learn of additional transfers made to Defendant that may be subject to avoidance. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors to or for the benefit of Defendant or any other transferee, to the extent avoidance is authorized under applicable law. Plaintiff reserves his right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers; (ii) claims related to other or additional transfers; (iii) modification of Defendant's name; (iv) additional defendants; or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for such amendment(s) to relate back to the date of this Complaint.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C. § 547(B))

29. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint and incorporates such allegations by

reference as though set forth fully herein to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

30. Pursuant to 11 U.S.C. § 547(b), a trustee, after conducting reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims that it would receive in a case under chapter 7 of title 11 of the United States Code if the transfer had not been made.

31. After reasonable due diligence under the circumstances of the Bankruptcy Cases, including with respect to potential defenses under section 547(c), Plaintiff believes that the Transfers are avoidable.

32. The Debtor identified on **Exhibit A**, each Transfer to or for the benefit of Defendant in an aggregate amount not less than $7,376,636.16 during the Preference Period, as set forth on **Exhibit A** hereto.

33. Each Transfer constituted transfers of an interest in property of the transferring Debtor(s) as identified on **Exhibit A**.

34. Each Transfer was made to or for the benefit of Defendant, a creditor of one or more of the Debtors at the time the Transfer was made.

35. Each Transfer either reduced or fully satisfied a claim of or debt then owed to Defendant by the Debtor(s) identified on **Exhibit A**.

36. Each Transfer was for or on account of antecedent debt owed by one or more of the Debtors to Defendant before such transfers were made.

37. As reflected on **Exhibit A**, each Transfer was made in payment of an invoice issued by Defendant on a date prior to the date of such Transfer, and, upon information and belief, for legal services rendered by Defendant to the Debtors prior to the date of such invoice. Accordingly, the debt paid by each Transfer was incurred before the Transfer was made.

38. Defendant had no collateral, security interest, or lien to secure payment of the indebtedness incurred by the Debtors.

39. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

40. Each Transfer enabled Defendant to receive more on account of the applicable debt than Defendant would receive if (a) the Debtors cases were under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made and (c) Defendant instead received payment on account of such debt under the provisions

of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the Bankruptcy Cases as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estates.

41. By reason of the foregoing, Plaintiff is entitled to an order and judgment avoiding the Transfers pursuant to section 547(b) of the Bankruptcy Code, except to the extent of any valid defenses.

## SECOND CLAIM FOR RELIEF

## (AVOIDANCE OF FRAUDULENT CONVEYANCES – 11 U.S.C. § 548(A)(1)(B))

42. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint and incorporates such allegations by reference as though set forth fully herein to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

43. In the alternative, to the extent any Transfer identified on **Exhibit A** was not made on account of antecedent debt, was made as a prepayment for goods or services subsequently received, or otherwise was not an avoidable preference, Plaintiff alleges that the Debtor(s) that made such Transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "**Potentially Fraudulent Transfers**" and together with the Transfers, the "**Avoidable**

**Transfers**"), and at the time of each such transfer, or as a result thereof, the applicable Debtor(s):

a. were insolvent or were rendered insolvent;

b. were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor(s) was an unreasonably small capital; and/or

c. intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

44. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

## (RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550(A))

45. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint and incorporates such allegations by reference as though set forth fully herein to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

46. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfers were made.

47. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the value of the Transfers or Potentially Fraudulent

Transfers avoided pursuant to sections 547(b) or 548 of the Bankruptcy Code, **together with interest thereon to the date of payment and the costs of this action.**

**FOURTH CLAIM FOR RELIEF**

**(DISALLOWANCE OF CLAIMS – 11 U.S.C. § 502(D) AND (J))**

48. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint and incorporates such allegations by reference as though set forth fully herein to the extent they are not inconsistent with allegations contained in this Fourth Claim for Relief.

49. Defendant is a transferee of transfers that are avoidable under sections 547 and/or 548 of the Bankruptcy Code, the value of which is recoverable under section 550 of the Bankruptcy Code.

50. Defendant has not repaid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under section 550.

51. Pursuant to section 502(d) of the Bankruptcy Code, any claim asserted by Defendant, or by any assignee or transferee of Defendant, against the estate of the Debtor(s) that made the Avoidable Transfers should be disallowed unless and until Defendant has paid the full amount recoverable on account of such Transfers, including interest thereon and costs.

52. Pursuant to section 502(j) of the Bankruptcy Code, any claim previously allowed in favor of Defendant, or its assignee or transferee, should be

reconsidered and disallowed unless and until Defendant has satisfied its liability on account of the Avoidable Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant granting the following relief:

A. On First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers pursuant to sections 547(b) and/or 548 of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Third Claim for Relief, judgment in favor of Plaintiff and against Defendant, directing Defendant to return to Plaintiff the value of the Avoidable Transfers, pursuant to section 550(a) of the Bankruptcy Code, plus interest at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

C. On Plaintiff' Fourth Claim for Relief, judgment pursuant to 11 U.S.C. §§ 502(d) and (j) in favor of Plaintiff and against Defendant, disallowing any and all claims of Defendant against the estate(s) of the Debtor(s) that made the Transfers

until Defendant has paid to Plaintiff the amount recoverable on account of the Avoidable Transfers; and

D. Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated: October 30, 2026

Respectfully submitted,

**THE POWELL FIRM, LLC**

*<u>/s/ Jason C. Powell</u>*
Jason C. Powell (No. 3768)
Thomas J. Reichert (No. 6220)
Laurel A. LaLone, Esquire (No. 7222)
1813 N. Franklin Street
P.O. Box 289
Wilmington, DE 19899
Telephone: (302) 650-1572
Facsimile: (302) 650-1574
jpowell@delawarefirm.com
treichert@delawarefirm.com
llalone@delawarefirm.com

- and -

Steve W. Berman
(*pro hac vice* application to be filed)
Karl P. Barth
(*pro hac vice* application to be filed)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbss.law.com
karlb@hbsslaw.com

*Counsel to the Plaintiff*